UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MEMORIAL HERMANN HOSPITAL SYSTEM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-10-2266 |
| | § | |
| BLUE CROSS BLUE SHIELD OF TEXAS, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

### ORDER

Pending before the court is defendants Wellpoint, Inc., Anthem Blue Cross of California, Empire HealthChoice Assurance, Inc., Blue Cross Blue Shield of Georgia, Inc., and Anthem Health Plans, Inc., d/b/a Anthem Blue Cross Blue Shield's (collectively, "WellPoint Defendants") motion to dismiss.[1] Dkt. 13. The WellPoint Defendants filed their motion to dismiss on July 16, 2010. Dkt. 13. The court granted an agreed motion to abate on August 2, 2010, thus abating the case until September 30, 2010. Dkt. 16. The court granted an agreed motion to extend the abatement until November 1, 2010 on September 29, 2010. Dkt. 18. On November 1, 2010, the court granted another agreed motion to extend the period of abatement, which extended the abatement until December 15, 2010. Dkt. 21. On December 15, 2010, the WellPoint Defendants filed a status report, which informed that they had not been able to reach a settlement with the plaintiff Memorial Hermann Hospital System ("Memorial Hermann") and requesting (1) that the matter be returned to the court's docket; and (2) that Memorial Hermann respond to the outstanding motion to dismiss.

---

[1] According to these defendants, they were all improperly named in the original complaint. Dkt. 13. The correct names are listed above. The incorrect names, which are listed in the original complaint, are Well Point, Inc., Anthem Blue Cross Blue Shield of California, Empire Blue Cross Blue Shield, Blue Cross Blue Shield of Georgia, and Blue Cross Blue Shield of Connecticut.

Dkt. 28.  The clock automatically started ticking again once the abatement period and all of the extensions of the abatement period ended.  Thus, Memorial Hermann was required to respond to the pending motion to dismiss.  The abatement period ended over a month ago, and Memorial Hermann has not filed a response.  Under the Local Rules of the Southern District of Texas, the WellPoint Defendants' motion will therefore be treated as unopposed. S.D. Tex. Loc. R. 7.4.  Having reviewed the motion (Dkt. 13) as well as Memorial Hermann's original petition (Dkt. 1-3) and the applicable law, the court finds that the motion should be GRANTED.

Therefore, the WellPoint Defendants' motion to dismiss (Dkt. 13) is GRANTED, and Memorial Hermann's claims against the WellPoint Defendants are hereby DISMISSED WITH PREJUDICE.

Signed at Houston, Texas on January 25, 2011.

.

_____
Gray H. Miller
United States District Judge